**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF MICHIGAN**
**SOUTHERN DIVISION**

**TRACY Y. DAVENPORT,**

    Plaintiff,                                              Case No. 10-11350

v.                                                         Honorable Denise Page Hood

**COMMISSIONER OF SOCIAL**
**SECURITY**

    Defendant.

_____/

## ORDER ACCEPTING REPORT AND RECOMMENDATION

**I. Introduction**

This matter is before the Court on Magistrate Judge R. Steven Whalen's Report and Recommendation, dated May 9, 2011 [Docket No. 18]. On July 7, 2010, Plaintiff filed a Motion for Summary Judgment or Remand pursuant to Sentence Four [Docket No. 10] and a Motion to Remand pursuant to Sentence Six [Docket No. 11]. On July 29, 2010, Defendant filed a Motion for Summary Judgment [Docket No. 14]. Plaintiff filed a Response to the Motion for Summary Judgment on August 9, 2010 [Docket No. 16]. The Magistrate Judge issued a Report and Recommendation denying Defendant's Motion for Summary Judgment and granting Plaintiff's Motions for Sentence Four and Sentence Six Remand on May 9, 2011 [Docket No. 18]. Neither party filed any objections to the Magistrate Judge's Report and Recommendation.

**II. Standard of Review**

    **A. Judicial Review**

Judicial review of the Commissioner's final decision is limited in scope to determining

whether the decision is supported by substantial evidence and whether the Commission committed legal error. 42 U.S.C. § 405(g) (2003); *Sherrill v. Sec'y of Health and Human Services*, 757 F.2d 803, 804 (6th Cir. 1985). Substantial evidence is defined as more than a scintilla of evidence but less than a preponderance. *Sherrill*, 757 F.2d at 804. In deciding whether substantial evidence supports the ALJ's decision, courts do not "try the case de novo, resolve conflicts in evidence, or decide questions of credibility." *Bass v. McMahon*, 499 F.3d 506, 509 (6th Cir. 2007); *Garner v. Heckler*, 745 F.2d 383, 387 (6th Cir. 1984). Instead, courts look for "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Richardson v. Perales*, 402 U.S. 389, 401 (1971) (quoting *Consol. Edison Co. V. NLRB*, 305 U.S. 197, 229 (1938)). In determining whether the evidence is substantial, the court must "take into account whatever in the record fairly detracts from its weight." *Beavers v. Sec'y of H.E.W.*, 577 F.2d 383, 387 (6th Cir. 1978) (quoting *Universal Camera Corp. v. NLRB*, 340 U.S. 474, 488 (1951)). The reviewing court must examine the administrative record as a whole, and may look to any evidence in the record, regardless of whether it has been cited by the ALJ. *Walker v. Sec'y of Health and Human Services*, 884 F.2d 241 (6th Cir. 1989).

Because in the case at issue, "the Appeals Council reviewed and supplemented the decision of the ALJ, [this Court's] review is of the [A]ppeals Council decision and the portions of the ALJ decision that it adopted." *O'Dell v. Astrue*, 736 F.Supp.2d 378, 385 (D.N.H. 2010) (citing *Sims v. Apfel*, 530 U.S. 103, 106-07 (2000)). In addition, the standard of review exercised by the reviewing court is deferential and "presupposes that there is a zone of choice within which the decisionmakers can go either way, without interference by the courts." *Mullen v. Bowen*, 800 F.2d 535, 545 (6th Cir. 1986) (en banc).

To preserve the right to appeal the Magistrate Judge's recommendation, parties are obligated to file objections to the Report and Recommendation within fourteen days of service of copy. 28 U.S.C. § 636(b)(1); E.D. Mich. LR 72.1(d)(2). Failure to file specific objections constitutes a waiver of any further right to an appeal. In the instant case, there were no objections filed by either party to the Magistrate Judge's Report and Recommendation.

### B. Summary Judgment

Summary judgment is appropriate when there are no genuine issues of material fact in dispute and the moving party is entitled to a judgment as a matter of law. Fed. R. Civ. P. 56. Rule 56 "mandates the entry of summary judgment, after adequate time for discovery and upon motion, against a party that fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986). In such a case, "there can be no genuine issue of material fact, since a complete failure of proof concerning an essential element of the nonmoving party's case necessarily renders all other facts immaterial." *Id.* at 323. In addition, the "mere existence of a scintilla of evidence in support of plaintiff's position will be insufficient." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 252 (1986). In deciding a motion for summary judgment, the court must view the evidence and draw all reasonable inferences in favor of the non-moving party. *Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp.,* 475 U.S. 574, 587 (1986).

## III. Applicable Law

Disability is defined in the Social Security Act as the "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental

impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months." 42 U.S.C. § 423(d)(1)(A).

In order to evaluate whether a claimant is disabled, the Commissioner must consider, in sequence, whether the claimant: 1) worked during the alleged period of disability; 2) has a severe impairment; 3) has an impairment that meets or equals the requirements listed in the regulation; 4) can return to past relevant work; and 5) if not, whether the claimant can make an adjustment to other work, allowing the claimant to perform other work in the national economy. 20 C.F.R. § 416.920(a). The plaintiff has the burden of proof in regards to steps one through four, but the burden shifts to the Commissioner at step five to demonstrate that notwithstanding the claimant's impairment, the claimant retains the residual functional capacity to perform specific jobs that exist in the national economy. *Richardson v. Sec'y of Health and Human Services*, 735 F.2d 962, 964 (6th Cir. 1984).

The Supreme Court recognizes only two kinds of remands involving social security cases–those pursuant to Sentence Four and those pursuant to Sentence Six of 42 U.S.C. § 405(g). *Melkonyan v. Sullivan*, 501 U.S. 89, 99 (1991); *Sullivan v. Finkelstein*, 496 U.S. 617, 626 (1990). Sentence Four allows a district court to remand in conjunction with a judgment affirming, modifying or reversing the Commissioner's decision. *Melkonyan*, 501 U.S. at 99-100. Sentence Four remands are appropriate in situations where the decision maker incorrectly applied the regulations in denying disability benefits. *Faucher v. Sec'y of Health & Human Services*, 17 F.3d 171, 174 (6th Cir. 1994). In such situations, the district court must reverse the Commissioner's decision and remand the matter for further proceedings in order to correct the error. *Id*. Sentence Six states that the court "may at any time order additional evidence to be

taken before the Commissioner of Social Security, but only upon a showing that there is new evidence which is material and that there is good cause for the failure to incorporate such evidence into the record in a prior proceeding." 42 U.S.C. § 405(g). The court's Sentence Six remand is not a "substantive ruling as to the correctness of the Secretary's decision." *Melkonyan*, 501 U.S. at 100.

## IV. Analysis

Plaintiff's original motion for summary judgment raised seven arguments in favor of remand. Pl.'s Mot. For Summ. J. at 7-20. This Court agrees with the Magistrate Judge's assessment that four of Plaintiff's arguments are without merit, while Plaintiff's other three arguments stemming from the ALJ's misreading of the psychological records support a remand for further fact-finding. Plaintiff's additional motion for a "Sentence Six" remand [Docket No. 11-12] will be briefly discussed following analysis of Plaintiff's Sentence Four arguments.

### A. Meritless Arguments

#### 1. Heightened Duty

Plaintiff, represented herself at the time of the hearing, claims that the ALJ breached his "heightened duty" to develop the record by arguing that: (1) the ALJ did not make "a special effort to obtain all relevant evidence"; (2) the ALJ relied on a non-examining assessment; (3) the ALJ should have recognized Plaintiff's condition was inconsistent with her assessment and sought additional information. Pl.'s Mot. For Summ. J. at 11-14.

The Court agrees with the Magistrate Judge that the record contains ample evidence of the ALJ's efforts to ensure the Plaintiff: 1) had a right to counsel, 2) had a list of attorneys if desired, and 3) had adequate time to find counsel. Tr. at 260-64; R & R at 10. The ALJ also

requested additional medical evidence from the Plaintiff. Tr. at 298-99. The Court also agrees with the Magistrate Judge that under 20 C.F.R. § 416.912(e), the ALJ was within his discretion in declining to order additional records as the records already obtained from Plaintiff adequately document her limitations. R & R at 10. The Court also agrees with the Magistrate Judge that a good faith misreading of poorly handwritten treatment notes does not support Plaintiff's argument that the ALJ failed in his affirmative duty to fully develop the record. R & R at 10.

### 2. Residual Functional Capacity ("RFC") Assessment

Plaintiff disputes the ALJ's finding that she was capable of sedentary work, Pl.'s Mot. For Summ. J. at 13., citing Plaintiff's claim in the RFC that she can only walk one block. Tr. at 98. Plaintiff also cites the same assessor's conclusion that she is "mostly credible," and that her one block limitation should have been in the RFC. Tr. at 91; Pl.'s Mot. For Summ. J. at 13.

The Court agrees with the Magistrate Judge that the non-examining Assessment cannot be read to endorse Plaintiff's "one block" claim. R & R at 11. The paragraph that contains Plaintiff's "one block" claim ends with the examiner's statement that she is only "partially," rather than mostly credible. Tr. at 91; R & R at 11. The examiner also did not indicate which claims he found credible, but instead noted several activities that Plaintiff performed without any help, Tr. at 98, which undermine Plaintiff's claims of limitation. R & R at 11. Plaintiff's argument is further contradicted by the Assessment's finding that Plaintiff was capable of standing and/or walking at least two hours in an eight hour workday. Tr. at 91.

### 3. Obesity

Plaintiff argues that the ALJ did not consider the work related effects of her obesity as required by S.S.R. 02-01p. Pl.'s Mot. For Summ. J. at 14-16. The Magistrate Judge correctly

states that while obesity by itself does not constitute a disability, pursuant to S.S.R. 02-01p, obesity must be considered in combination with other impairments in determining whether the claimant is disabled. R & R at 11.

The Court agrees with the Magistrate Judge that the ALJ's opinion contains many references to Plaintiff's morbid obesity. R & R at 11. The ALJ found morbid obesity a "severe" impairment at Step Two of his analysis. Tr. at 17, 20. In noting that Plaintiff was relegated to sedentary work, the ALJ acknowledged that "obesity would likely interfere with exertional activities." Tr. at 22. Obesity was also listed among Plaintiff's hypothetical limitations. Tr. at 297.

**4. Credibility**

Plaintiff argues that the ALJ did not provide sufficient reasons for discounting her testimony that she napped/laid down on a daily basis. Pl.'s Mot. For Summ. J. at 16-18. Plaintiff accuses the ALJ of omitting the limitation from the hypothetical question in order to elicit a non-disability finding from the vocational expert ("VE"). *Id*. at 18. Plaintiff also contends that the ALJ improperly discredited her claims by noting that she applied for disability insurance benefits ("DIB") shortly after her unemployment benefits ended. *Id*. at 17.

The Court agrees with the Magistrate Judge that the ALJ's conclusion that Plaintiff did not require daily naps is well explained and well supported by the record. R & R at 12. The ALJ cited the May 2007 sleep apnea study stating that Plaintiff did not nap during the day. Tr. at 22 (citing Tr. at 145). Also, in March 2005, Plaintiff denied symptoms of sleepiness as a result of the use of a CPAP machine. Tr. at 118. The Court agrees with the Magistrate Judge that Plaintiff's allegations that the ALJ omitted key impairments from the hypothetical question for the purpose of unfairly denying her benefits is without support. R & R at 12. The Court agrees

with the Magistrate Judge that the ALJ was entitled to discount Plaintiff's credibility on the basis that she applied for DIB immediately upon the expiration of her unemployment benefits.

### B. The ALJ's Misreading of the Psychological Records Mandates A Remand for Further Factfinding

Plaintiff's remaining arguments for remand stem from the ALJ's erroneous finding that Plaintiff was assigned a GAF score of 62-65 (suggesting moderate or mild psychological impairment) by a treating source in February of 2007, and similar scores in April and August of 2007.  Tr. at 18 (citing Tr. at 183, 186, 189).  Plaintiff has submitted a letter by her treating psychiatrist stating that the notes should be read to state GAF scores of 40-45.  Pl.'s Index of Exhibits [Docket No. 12].

The Court agrees with the Magistrate Judge that the GAF score is not dispositive of whether an individual is disabled.  R & R at 14.  However, in this case, the ALJ stated that he relied directly on this misreading when finding that Plaintiff experienced only "mild" psychological impairment.  Tr. at 18.  The Court also agrees with the Magistrate Judge that the ALJ's erroneous finding created additional errors.  R & R at 14.  The ALJ's hypothetical was tainted by the ALJ's erroneous statement that the record contained "no indication that . . . [Plaintiff's] depression is of sufficient moment to impact upon the hypothetical individual's ability to perform the usual and customary cognitive aspects of vocational functioning."  Tr. at 297.  The Court agrees with the Magistrate Judge that, at a minimum, it is not clear whether the ALJ would have added additional limitations to the hypothetical had he known that Plaintiff's GAF scores were consistently in the 40-45 range.  R & R at 14.

The Court agrees with the Magistrate Judge that although the ALJ's misreading of the psychological records was unearthed as a result of newly submitted material, independent

grounds exist for a Sentence Four remand. R & R at 14 n.1. The transcript establishes that: 1) Plaintiff received extensive psychological counseling, and 2) the psychological records had not been reviewed at the time of the hearing. Based on these facts, the Court also agrees with the Magistrate Judge that the hypothetical question, posed without the benefit of the counseling records, appears to have understated Plaintiff's psychological impairments. Tr. at 286-87, 294-97.

### C. Sentence Six

Plaintiff argues alternatively that the case should be remanded pursuant to Sentence Six of 42 U.S.C. § 405(g) for consideration of later submitted material, including psychological treating notes and the above referenced letter by Plaintiff's treating psychiatrist. Pl.'s Mot. to Remand Pursuant to Sentence Six. The Court agrees with the Magistrate Judge that courts may consider the additional evidence only for purposes of determining whether remand is appropriate under Sentence Six of 42 U.S.C. § 405(g). R & R at 15.

The Magistrate Judge notes that "newer" records can be divided into three categories. *Id*. The first group consists of psychological records pre-dating the ALJ's September 26, 2007 decision. Tr. at 244-257. The Court agrees with the Magistrate Judge that these records are "material" to the determination. R & R at 15. The second group pertains to Plaintiff's condition subsequent to the hearing, which the Court agrees would be immaterial to the present application for benefits. *Sizemore v. Sec'y of Health & Human Services*, 865 F.2d 709, 712 (6th Cir. 1988). The third category consists of Plaintiff's treating psychiatrist's letter stating that she had assigned Plaintiff GAF's exclusively in the 40-45 range. Pl.'s Index of Exhibits [Docket No. 12]. The Court agrees with the Magistrate Judge that because the letter is new, material to the

original determination, and that good cause exists for submitting it after the ALJ's opinion, the letter qualifies for a Sentence Six remand. R & R at 15. The Court also agrees with the Magistrate Judge that because a Sentence Four remand is appropriate, the Sentence Six material, even records created after the ALJ decision, may be considered *in toto* upon remand. *Id*. at 15-16.

## V. Conclusions

For the reasons stated above, judgment should be entered for the Plaintiff, remanding the case under Sentence Four. *Id*. at 16. The Court agrees with the Magistrate Judge that because Plaintiff's proof of disability is not "overwhelming," the errors discussed herein, while critical, do not automatically entitle the Plaintiff to benefits. *Id*. The Court also agrees with the Magistrate Judge that the case should be remanded for further proceedings, directing the ALJ to: 1) re-examine Plaintiff's psychological records in light of Plaintiff's treating psychiatrist's clarification letter, 2) consider the other Sentence Six evidence submitted to the Appeals Council, and 3) take additional VE testimony reflecting an accurate reading of the psychological records. *Id*.

Accordingly,

IT IS ORDERED that Magistrate Judge R. Steven Whalen's Report and Recommendation **[Docket No. 18, filed on May 9, 2011]** is ACCEPTED and ADOPTED as this Court's findings and conclusions of law.

IT IS FURTHER ORDERED that Plaintiff's Motion for Summary Judgment or Remand pursuant to Sentence Four **[Docket No. 10, filed on July 7, 2010]** and Plaintiff's Motion to Remand pursuant to Sentence Six **[Docket No. 11, filed on July 7, 2010]** is GRANTED to the

extent that the case be remanded for further proceedings pursuant to Sentence Four of 42 U.S.C. § 405(g).

      IT IS FURTHER ORDERED that Defendant's Motion for Summary Judgment **[Docket No. 14, filed on July 29, 2010]** is DENIED.

      IT IS FURTHER ORDERED that this cause of action is DISMISSED with prejudice.

      s/Denise Page Hood
      Denise Page Hood
      United States District Judge

Dated: June 30, 2011

I hereby certify that a copy of the foregoing document was served upon counsel of record on June 30, 2011, by electronic and/or ordinary mail.

      s/LaShawn R. Saulsberry
      Case Manager