UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

TRACY Y. DAVENPORT,

        Plaintiff                                  Civil Action No. 10-11350

v.

                                       District Judge Denise Page Hood
                                       Magistrate Judge R. Steven Whalen

COMMISSIONER OF SOCIAL
SECURITY,

        Defendant.
_____/

## REPORT AND RECOMMENDATION

        This is a Social Security Disability Appeal in which the Plaintiff, Charlene Hamilton, won a remand pursuant to sentence four of 42 U.S.C. § 405(g). Before the Court at this time is the Plaintiff's motion for attorney fees under the Equal Access to Justice Act ("EAJA"), 28 U.S.C. § 2412(d)(1)(A) [Doc. #21], which has been referred for a Report and Recommendation ("R&R") pursuant to 28 U.S.C. § 636(b)(1)(B). For the reasons discussed below, I recommend that the Plaintiff's motion is GRANTED IN PART, and that EAJA fees be awarded in the amount of **$9,027.12**.

### I.    FACTS

        Plaintiff filed a complaint in this Court under 42 U.S.C. § 405(g), challenging the Commissioner's decision to deny Disability Insurance Benefits ("DIB") and Supplemental Security Income ("SSI"). On May 9, 2011, I issued an R&R recommending that the matter be remanded for further administrative proceedings [Doc. #18]. District Judge Denise Page Hood adopted the R&R on June 30, 2011, and ordered the case remanded [Doc. #19].

        Plaintiff now seeks EAJA fees in the amount of $12,036.16.

## II.   STANDARD OF REVIEW UNDER EAJA

The Equal Access to Justice Act ("EAJA") is one of some 131 fee shifting statutes enacted by Congress.  *See Coulter v. State of Tennessee*, 805 F.2d 146, 148 (6th Cir. 1986). Specifically, 28 U.S.C. § 2412(d)(1)(A) provides, in pertinent part:

> "Except as otherwise specifically provided by statute, a court shall award to a prevailing party other than the United States fees and other expenses...incurred by that party in any civil action (other than cases sounding in tort), including proceedings for judicial review of agency action, brought by or against the United States...unless the court finds the position of the United States was substantially justified or that special circumstances make an award unjust."

Attorney's fees claimed under EAJA must be reasonable.  *Glass v. Secretary of HHS*, 822 F.2d 19, 21 (6th Cir. 1987).  As the Supreme Court noted in *Hensley v. Eckerhart*, 461 U.S. 424, 433, 103 S.Ct. 1933, 76 L.Ed.2d 40 (1983), "[t]he most useful starting point for determining the amount of a reasonable fee is the number of hours reasonably expended on the litigation multiplied by a reasonable hourly rate."  In *Glass*, 822 F.2d at 21, the Sixth Circuit, citing *Coulter v. State of Tennessee*, 805 F.2d 146, 149 (6th Cir. 1986), recognized "that the rate-times-hours method of calculation, also known as the 'lodestar' approach, includes most, if not all, of the factors relevant to determining a reasonable attorney's fee."

A district court has broad discretion in determining the question of attorney fees under EAJA.  *Damron v. Comm. of Soc. Sec.*, 104 F.3d 853, 855 (6th Cir. 1997).

## III.   DISCUSSION

### A.   Amount of EAJA Fees

The Defendant does not argue that its position in this appeal was substantially justified, and thus does not dispute Plaintiff's entitlement to EAJA fees. Nor does Defendant

-2-

challenge the hourly rates claimed by Plaintiff's counsel.[1] Rather, Defendant's only dispute is with the reasonableness of the attorney hours that are claimed.

Plaintiff claims 66.7 hours of total attorney time, including litigation of the fee petition, and has submitted a time log as Exhibit C to her motion. The total attorney time related to the underlying action is 62.05 hours, of which 56.5 hours are attributable to attorney McGreal.

Plaintiff filed a motion for summary judgment containing seven separate assignments of error [Doc. #10], and also a motion to remand pursuant to Sentence Six of § 405(g) [Doc. #11]. In my R&R on the summary judgment motion, I found that four of the seven issues were without merit. In one such issue, Plaintiff argued that the ALJ breached his "heightened duty" to develop the record, given that Plaintiff was not represented by counsel at the hearing. In rejecting this argument, I found that Plaintiff was "short on the particulars of how the ALJ erred," and noted that " the transcript contains a five-page exchange in which the ALJ repeatedly informed Plaintiff that 1) she had a right to counsel, 2) offered to give her a list of attorneys and 3) offered to adjourn the hearing (Tr. 260-264)."

The Plaintiff also argued that the ALJ did not consider the work related effects of her obesity as required by SSR 02-01p. In rejecting this argument, I found as follows:

> "Contrary to Plaintiff's assertion, the administrative opinion is replete with references to her morbid obesity. The ALJ found morbid obesity a "severe" impairment at Step Two of his analysis, later finding that Plaintiff joint condition was exacerbated by her weight (Tr. 17, 20). In finding that Plaintiff was relegated to sedentary work, he again acknowledged that "obesity would likely interfere with exertional activities, such as prolonged standing or walking or the lifting of over 10 pounds" (Tr. 22). Obesity was also listed among the hypothetical limitations (Tr. 297). Although Plaintiff does not like the ultimate conclusion that her obesity was non-disabling, her argument that

---

[1] Plaintiff requests an hourly rate of $163.75. This Court has found that $173.00 per hour is a reasonable rate in the Eastern District of Michigan. *See Cowart v. Comm. of Soc. Sec.*, 795 F.Supp.2d 667, 671 (6th Cir. 2011).

the ALJ did not factor the condition into his decision is belied by the record."

I agree with Plaintiff that a court should not engage in "argument counting," or decrease attorney fee requests in proportion to those issues that were successful and those that were not. *See Hensley, supra*, 461 U.S. at 435 ("the fee award should not be reduced simply because the plaintiff failed to prevail on every contention raised in the lawsuit"); *Deja Vu v. Metropolitan Government of Nashville and Davidson County, Tennessee*, 421 F.3d 417, 423 (6th Cir. 2005) ("[W]e have repeatedly rejected mechanical reductions in fees based on the number of issues on which a plaintiff has prevailed"); *Saieg v. City of Dearborn*, 2012 WL 787261, *5 (E.D. Mich. 2012) (Court declines "to apportion fees according to which claims were successful and which were not"). I also agree with Plaintiff's statements, at pp. 5-6 of her reply brief [Doc. #26], that "[a]ttorneys should be encouraged to raise all *meritorious* arguments and no one can expect to win all issues," and that the "attorney must be free to represent the client to his fullest, which includes making *meritorious* but less strong arguments." (Emphasis added).

However, the two issues discussed above were patently *non-meritorious*, and while I do not intend to apportion fees according to the ratio of successful to non-successful claims, I am disinclined to indulge counsel's decision to present such marginal arguments. As I stated in *Saieg, supra* at *5:

> "Appellate advocacy is best undertaken with a scalpel rather than a meat axe. Suffice it to say that the Plaintiff litigated this case aggressively, as is, of course, his right. And it is not my intention to dissect his fee petition with the gimlet eye of a tax accountant. But as the court observed in *King World Productions, Inc. v. Financial News Network, Inc.,* 674 F.Supp. 438, 440 (S.D.N.Y.1987), "[w]hile parties to a litigation may fashion it according to their purse and indulge themselves and their attorneys ... they may not foist these extravagances upon their unsuccessful adversaries." (*quoting Farmer v. Arabian American Oil Company,* 31 F.R.D. 191, 193 (S.D.N.Y.1963)). Therefore, it is appropriate to trim some fat from the Plaintiff's fee petition."

In addition, the number of attorney hours claimed appears excessive. In *Glass v.*

-4-

*Secretary of HHS*, 822 F.2d 19, 20 (6th Cir. 1987), the Sixth Circuit noted that "the experienced district judge is very likely correct that twenty to thirty hours may well be the norm for attorneys to handle most [Social Security] cases...." Of course, every case must be assessed on its own facts, and I do not suggest that a fee petition that exceeds 30 hours is *per se* excessive. Indeed, in another of present counsel's cases, *Hamilton v. Comm. of Soc. Sec.*, E.D. Mich. 09-11553, I approved 47.65 attorney hours, plus 10.01 paralegal hours, for a total fee of $8,968.75.[2]  In *Hamilton*, I remarked on the complexity of the case and the fact that Plaintiff won not another administrative hearing, but a remand for an award of benefits:

> "[T]his was not a typical case. It was highly fact-intensive, as reflected in my 28-page Report and Recommendation, of which over 14 pages were devoted to the facts. Moreover, as noted above, counsel ferreted out numerous reversible errors that culminated in a remand for an award of benefits."

It is the practice of this chambers to set forth a comprehensive statement of facts relevant to the issues presented. In this case, the Statement of Facts in my R&R consumed six pages, as opposed to the 14-page Statement of Facts in *Hamilton*. And again, the results obtained are a factor in determining the appropriateness of an attorney fee request. Here, the Plaintiff got a remand for further proceedings; in *Hamilton*, the plaintiff got an award of benefits. In addition, the present case is not any more legally or factually complex than *Hamilton*, and in my view, it is less so.

Finally, the amount of time claimed for legal research into fairly basic issues of Social Security law is excessive, particularly given the level of experience and expertise of counsel's law firm.

A court "is not required to set forth an hour-by-hour analysis of the fee request" in reducing the fees. *Jacobs v. Mancuso,* 825 F.2d 559, 562 (1st Cir.1987). *See also In re*

_____

[2] The Commissioner's objection to my recommendation in the Hamilton case is still pending.

*'Agent Orange' Product Liability Litigation,* 818 F.2d 226, 237-38 (2d Cir.1987) ("no item-by-item accounting of the hours disallowed is necessary or desirable"); *Ohio-Sealy Mattress Mfg. Co. v. Sealy Inc.,* 776 F.2d 646, 657-58 (7th Cir.1985). Rather, "the district court has the authority to make across-the-board percentage cuts either in the number of hours claimed or in the final lodestar figure as a practical means of trimming the fat from a fee application." *Gates v. Deukmejian*, 987 F.2d 1392, 1398 (9th Cir.1992)(internal quotation marks omitted). *See also Kirsch v. Fleet St., Ltd.*, 148 F.3d 149, 173 (2d Cir. 1998) (holding that "the court has discretion simply to deduct a reasonable percentage of the number of hours claimed 'as a practical means of trimming fat from a fee application.'") (internal citations omitted); *Mares v. Credit Bureau of Raton*, 801 F.2d 1197, 1202 -1204 (10th Cir. 1986) (affirming a reduction in claimed fees by 77%, the court states, "There is no requirement, either in this court or elsewhere, that district courts identify and justify each disallowed hour.").

I recognize that counsel filed not only a summary judgment motion, but a motion to remand under Sentence Six, and that he obtained excellent results for his client. Moreover, I do not in any way suggest that his fee request was submitted in bad faith, or that he or his law firm did not actually perform the tasks set forth in the time log. I also am persuaded that Plaintiff is entitled to substantial EAJA fees in excess of what might be called the "usual" fee petition. However, for the reasons discussed above, the number of hours claimed is beyond what would be considered "reasonable," and the Court should exercise its discretion to reduce the request.

Plaintiff requests EAJA fees in the amount of $12,036.16. I conclude that it would be reasonable and appropriate to reduce this amount by 25%, and grant fees in the amount of **$9,027.12**.

### B.    Who gets the Fees?

In *Astrue v. Ratliff,* ⸺ U.S. ⸺, 130 S.Ct. 2521, 2224, 177 L.Ed.2d 91 (2010), the Supreme Court held that EAJA attorney fees belong to the claimant, not to the claimant's attorney, and that the award of fees "is therefore subject to a Government offset to satisfy a pre-existing debt that the litigant owes the United States."       In *Ratliff*, the claimant in fact owed the Government a debt that predated the district court's approval of the EAJA award. However, the Court noted, albeit in dicta, that "the Government has...continued the direct payment [to attorneys] practice where the plaintiff does not owe a debt to the government and assigns the right to receive the fees to the attorney." *Id*. at 2259.

Following *Ratliff*, a number of district courts have held that if there is an assignment of EAJA fees, and if there is no pre-existing debt to the Government, then fees should be paid directly to the attorney. *See Cowart, supra*; *Hilker v. Astrue,* 2010 WL 5553980, *1 (S.D.Ohio 2010) (fees payable directly to counsel based on assignment because government failed to identify any preexisting debt); *Bates v. Commissioner of Social Sec*. 2011 WL 2149349, *3 (N.D. Ohio 2011) ("If Defendant determines Plaintiff does not owe a debt to the government, and there is a valid assignment of the fees, the Court sees no reason for the government not to honor the assignment and pay the fees directly to counsel"); *Walker v. Astrue*,  2011 WL 1297744, *2 (M.D.Ala. 2011) ("[P]ursuant to the assignment agreement between Plaintiff and counsel, attorney's fees may be made payable to Plaintiff's attorney, subject to any offset which may be applicable").  *But see Snyder v. Commissioner of Social Sec*. 2011 WL 66458, *3 (N.D. Ohio 2011) (court order payment directly to plaintiff, with instructions to "leave it to counsel to collect his fee from Plaintiff in accordance with their agreement").

In this case, there is a written assignment of any EAJA fees from Ms. Davenport to her attorney. As long she owes no pre-existing debt to the Government, there is nothing in

*Ratliff* that would prevent this Court from honoring her assignment. Indeed, to do so would at least partially address Justice Sotomayor's concern, expressed in her concurring opinion in *Ratliff*, that the decision "will make it more difficult for the neediest litigants to find attorneys to represent them in cases against the Government." *Id.* at 2532 (concurring opinion of Sotomayor, J.).

The Commissioner has not indicated whether in fact Ms. Davenport owes money to the Government. I will therefore recommend that the Court follow the common practice and give him the opportunity to determine whether there is a pre-existing debt that would offset the EAJA fees. *See Cutler v. Astrue* 2011 WL 901186, *1 (N.D.Ohio) (N.D.Ohio,2011) (fees payable directly to attorney "after the defendant has completed its customary investigation into any outstanding federal debts owed by the plaintiff"); *Taylor v. Astrue* , 2011 WL 1261138, *2 (N.D.Ill. 2011) ("After the award is entered, if the Government determines that plaintiff owes no such debts, the Government will direct that the fee award and expenses be made payable to plaintiff's attorney pursuant to the EAJA assignment signed by the parties"); *Bates, supra,* at *3 ("Courts...have been consistent in applying *Ratliff* for the proposition that any award—regardless to whom it is paid—is first subject to offset for any preexisting federal debt"). If there is not, then the EAJA fees should be paid directly to the Plaintiff's attorney.

## IV.   CONCLUSION

I recommend that Plaintiff's motion for attorney fees under EAJA be GRANTED IN PART, to the extent that fees be awarded in the amount of **$9,027.12**.

I further recommend that no later than 14 days from the date a final order granting EAJA fees is entered, the Commissioner will determine whether the Plaintiff owes the Government a pre-existing debt. If no such debt is owed, then payment of the EAJA fees will

be made directly to Plaintiff's attorney. If the Plaintiff does owe a pre-existing debt, the EAJA fees will be offset by the amount of the debt, with any remainder to be paid to Plaintiff's attorney.

Any objections to this Report and Recommendation must be filed within fourteen (14) days of service of a copy hereof as provided for in 28 U.S.C. §636(b)(1) and E.D. Mich. LR 72.1(d)(2). Failure to file specific objections constitutes a waiver of any further right of appeal. *Thomas v. Arn,* 474 U.S. 140, 106 S.Ct. 466, 88 L.Ed.2d 435 (1985); *Howard v. Secretary of HHS,* 932 F.2d 505 (6th Cir. 1991); *United States v. Walters,* 638 F.2d 947 (6th Cir. 1981). Filing of objections which raise some issues but fail to raise others with specificity will not preserve all the objections a party might have to this Report and Recommendation. *Willis v. Sullivan,* 931 F.2d 390, 401 (6th Cir. 1991); *Smith v. Detroit Fed'n of Teachers Local 231,* 829 F.2d 1370, 1373 (6th Cir. 1987). Pursuant to E.D. Mich. LR 72.1(d)(2), a copy of any objections is to be served upon this Magistrate Judge.

Within fourteen (14) days of service of any objecting party's timely filed objections, the opposing party may file a response. The response shall be not more than twenty (20) pages in length unless by motion and order such page limit is extended by the court. The response shall address specifically, and in the same order raised, each issue contained within the objections.

s/ R. Steven Whalen
R. STEVEN WHALEN
UNITED STATES MAGISTRATE JUDGE

Date: August 31, 2012

CERTIFICATE OF SERVICE

The undersigned certifies that the foregoing document was served upon counsel of record via the Court's ECF System to their respective email addresses or First Class U.S. mail disclosed on the Notice of Electronic Filing on August 31, 2012.

Johnetta M. Curry-Williams
Case Manager