UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION


TRACY Y. DAVENPORT,

      Plaintiff                        Civil Action No. 10-11350

v.

                                       District Judge Denise Page Hood
                                       Magistrate Judge R. Steven Whalen

COMMISSIONER OF SOCIAL
SECURITY,

      Defendant.
_____/

## REPORT AND RECOMMENDATION

This is a Social Security Disability Appeal in which the Plaintiff, Tracy Davenport, won a remand pursuant to sentence four of 42 U.S.C.  § 405(g). Before the Court is Plaintiff's Motion for Attorney Fee Pursuant to  § 206(b)(1) [Doc. #28], which has been referred for a Report and Recommendation ("R&R") pursuant to 28 U.S.C. § 636(b)(1)(B).[1] I recommend that the motion be GRANTED, that Plaintiff's counsel be awarded fees in the amount of $14,304.75, and that any fees awarded under the Equal Access to Justice Act ["EAJA"], 28 U.S.C. § 2412(d)(1)(A),  be refunded or paid directly to the Plaintiff.

## I.   BACKGROUND

Plaintiff filed a complaint in this Court under 42 U.S.C.  § 405(g), challenging the Commissioner's decision to deny Disability Insurance Benefits ("DIB") and Supplemental Security Income ("SSI").  On May 9, 2011, I issued an R&R recommending that the matter

---

[1] Plaintiff states she "brings this motion before the Honorable U.S. Magistrate Judge Michael Hluchaniuk." However, this case was reassigned to Magistrate Judge R. Steven Whalen on April 18, 2011.

be remanded for further administrative proceedings [Doc. #18]. District Judge Denise Page Hood adopted the R&R on June 30, 2011, and ordered the case remanded [Doc. #19]. On remand, the Plaintiff was awarded past-due benefits in the amount of $57,219.00. *Plaintiff's Motion*, Exhibit A. Plaintiff has a 25% contingent fee contract with counsel. *Id*., Exhibit B.

Plaintiff previously filed a motion requesting EAJA fees in the amount of $12,036.16 [Doc. #21]. On August 31, 2012, I filed an R&R recommending that the motion be granted in part, and that counsel be awarded EAJA fees in the amount of $9,027.12 [Doc. #27]. That R&R is pending before the Honorable Denise Page Hood.

## II.   DISCUSSION

42 U.S.C. § 406(b) directs that a court may allow a "reasonable fee" for court-related services not exceeding 25 percent of a claimant's past-due benefits. 42 U.S.C. § 406(b)(1)(A). As is typical in Social Security Disability cases, Plaintiff entered into a 25% contingent fee agreement with her attorney. In *Gisbrecht v. Barnhart*, 535 U.S. 789, 122 (2002), the Supreme Court recognized the permissibility of contingent fees within the confines of § 406(b), and subject to judicial review for reasonableness:

> "Most plausibly read, we conclude, § 406(b) does not displace contingent-fee agreements as the primary means by which fees are set for successfully representing Social Security benefits claimants in court. Rather, § 406(b) calls for court review of such arrangements as an independent check, to assure that they yield reasonable results in particular cases."

*Gisbrecht* rejected the lodestar approach as the measure of reasonableness in a § 406(b) fee petition, *id.* at 806, giving primacy to the contingent fee agreement, but testing its reasonableness "based on the character of the representation and the results the representative achieved."

In its response [Doc. #31], the Commissioner states that he does not object to the amount that Plaintiff's counsel claims under § 406(b), but challenges Plaintiff's statement

that he did not oppose the prior request for EAJA fees.

First, based on my review of the record, including Plaintiff's counsel's time log (Plaintiff's Exhibit D), I agree that counsel's request for § 406(b) fees in the amount of $14,304.75, representing 25% of the past-due benefits, is reasonable.

Secondly, the Commissioner is correct that he challenged the amount of EAJA fees requested by the Plaintiff.

Third, the fees awarded under this motion should be offset by the amount of EAJA fees awarded, with the EAJA fees being credited to the Plaintiff. *See Astrue v. Ratliff,* 130 S.Ct. 2521 (2010).

## III.   CONCLUSION

Accordingly, I recommend that Plaintiff's counsel be awarded attorney fees under 42 U.S.C. § 406(b) in the amount of $14,304.75, and that any fees awarded under the Equal Access to Justice Act be refunded or paid directly to the Plaintiff.

Any objections to this Report and Recommendation must be filed within fourteen (14) days of service of a copy hereof as provided for in 28 U.S.C. §636(b)(1) and E.D. Mich. LR 72.1(d)(2). Failure to file specific objections constitutes a waiver of any further right of appeal. *Thomas v. Arn,* 474 U.S. 140, 106 S.Ct. 466, 88 L.Ed.2d 435 (1985); *Howard v. Secretary of HHS,* 932 F.2d 505 (6th Cir. 1991); *United States v. Walters,* 638 F.2d 947 (6th Cir. 1981). Filing of objections which raise some issues but fail to raise others with specificity will not preserve all the objections a party might have to this Report and Recommendation. *Willis v. Sullivan,* 931 F.2d 390, 401 (6th Cir. 1991); *Smith v. Detroit Fed'n of Teachers Local 231,* 829 F.2d 1370, 1373 (6th Cir. 1987). Pursuant to E.D. Mich. LR 72.1(d)(2), a copy of any objections is to be served upon this Magistrate Judge.

Within fourteen (14) days of service of any objecting party's timely filed objections, the opposing party may file a response.  The response shall be not more than twenty (20) pages in length unless by motion and order such page limit is extended by the court.  The response shall address specifically, and in the same order raised, each issue contained within the objections.

<b>s/ R. Steven Whalen</b><br>
R. STEVEN WHALEN<br>
UNITED STATES MAGISTRATE JUDGE

Dated:  April 11, 2013

CERTIFICATE OF SERVICE

The undersigned certifies that the foregoing document was served upon counsel of record via the Court's ECF System to their respective email addresses or First Class U.S. mail disclosed on the Notice of Electronic Filing on April 11, 2013.

s/Johnetta M. Curry-Williams<br>
Case Manager