UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

TRACY Y. DAVENPORT,

       Plaintiff,                           Case No. 10-11350
                                                 Hon.  Denise Page Hood
v.

COMMISSIONER OF SOCIAL SECURITY,

       Defendant.
_____/

ORDER GRANTING MOTION TO AMEND/CORRECT
ORDER ADOPTING REPORT AND RECOMMENDATION,
ACCEPTING AND ADOPTING AUGUST 31, 2012
REPORT AND RECOMMENDATION, AND
GRANTING MOTION FOR ATTORNEY FEES UNDER THE EAJA

     On September 28, 2015, the Court entered an Order adopting the Magistrate Judge's April 11, 2013 Report and Recommendation regarding attorney fees under Section 206(b)(1) of the Social Security Act, 42 U.S.C. § 406(b)(1) and rejecting the August 31, 2012 Report and Recommendation regarding the attorney fees under the Equal Access to Justice Act ("EAJA"), 28 U.S.C. § 2412(d).  On October 22, 2015, Plaintiff filed a Motion to Alter/Amend Judgment pursuant to Fed. R. Civ. P. 59(e), asserting that the motion is timely since the Court in its September 28, 2015 Order directed the Clerk to enter judgment.  It is noted that the Court's September 28, 2015 Order did not direct the Clerk to enter judgment; it only addressed the motions for

1

attorney fees. The Judgment was previously entered on June 30, 2011. (Doc. No. 20).

An amendment of an order after a judgment has been entered is governed by Rule 59(e) of the Federal Rules of Civil Procedure. Rule 59(e) provides that any motion to alter or amend a judgment shall be filed no later than 28 days after entry of the judgment. Fed. R. Civ. P. 59(e). Motions to alter or amend judgment may be granted if there is a clear error of law, newly discovered evidence, an intervening change in controlling law or to prevent manifest injustice. *GenCorp., Inc. v. American Int'l Underwriters,* 178 F.3d 804, 834 (6th Cir. 1999). The Local Rules of the Eastern District of Michigan provide that any motion for reconsideration must be filed within 14 days after entry of the judgment or order. E.D. Mich. LR 7.1(h)(1). No response to the motion and no oral argument thereon shall be allowed unless the Court orders otherwise. E.D. Mich. LR 7.1(h)(2).

Rule 59(e), which allows 28 days to file a motion to alter or amend a judgment, is inapplicable since the Court's Judgment in this case was entered on June 30, 2011. Plaintiff's Motion to Alter/Amend filed October 22, 2015 seeks reconsideration of the Court's September 28, 2015 Order regarding attorney fees, which is not a Judgment. Plaintiff's Motion to Alter/Amend is untimely under Local Rule 7.1(h)(1) since it was filed beyond the 14 days after the entry of the Court's September 28, 2015 Order regarding attorney fees.

However, to prevent manifest injustice in this matter, the Court reconsiders its September 28, 2015 Order regarding the fees wherein the Court rejected the August 31, 2012 Report and Recommendation, "in light of the Magistrate Judge's recommendation in the April 11, 2013 Report and Recommendation." (Order, Doc. No. 34, Pg ID 636) The April 11, 2013 Report and Recommendation, however, did not recommend that the fees under the EAJA be denied. Instead, the Magistrate Judge recommended that any fees awarded under Section 206(b)(1) of the Social Security Act be offset by the amount of EAJA fees awarded. (R&R, Doc. No. 32, Pg ID 629)

In matters seeking review of the Commissioner's actions under the Social Security Act, fees for court representation may be awarded under the Social Security Act, 42 U.S.C. 406(b)(1) and/or under the EAJA, 28 U.S.C. § 2412(d). *Minor v. Comm'r of Soc. Sec.,* 836 F.3d 878, 880 (6th Cir. 2016). The Court erred in rejecting the Magistrate Judge's August 31, 2012 Report and Recommendation recommending fees under the EAJA. It is noted no objections were filed to the August 31, 2012 Report and Recommendation.

Reviewing the August 31, 2012 Report and Recommendation, the Court adopts the Magistrate Judge's findings that Plaintiff is entitled to attorney fees under the EAJA in the amount of $9,027.12. The Magistrate Judge reviewed the hours Plaintiff claimed in litigating the matter and the arguments presented by the parties. The

Magistrate Judge further reviewed the arguments raised by Plaintiff to support her position.  The Magistrate Judge properly supported the fees recommended, and the Court finds that the amount of $9,027.12 is reasonable under the EAJA.

Accordingly,

IT IS ORDERED that Plaintiff's Motion to Amend/Correct the Court's September 28, 2015 Order **(Doc. No. 35)** is GRANTED.

IT IS FURTHER ORDERED that the April 31, 2012 Report and Recommendation **(Doc. No. 27)** is ACCEPTED and ADOPTED as this Court's findings and conclusions of law.

IT IS FURTHER ORDERED Plaintiff's Motion for Attorney Fees under the Equal Access to Justice Act, 28 U.S.C. § 2412(d) **(Doc. No. 21)** is GRANTED in the amount of **$9,027.12**.  The Court previously awarded **$14,304.75** in attorney fees under Section 206(b)(1) of the Social Security Act, 42 U.S.C. § 406(b).

IT IS FURTHER ORDERED that once the Commissioner determines if Plaintiff owes the Government any pre-existing debt, any remaining EAJA fees not deducted by the Government may be paid directly to Plaintiff's attorney.  The EAJA award offsets the award under the Social Security Act.  Any amount remaining after the offset must be refunded or paid directly by Plaintiff's counsel to Plaintiff Tracy Y. Davenport.

       S/Denise Page Hood
       Denise Page Hood
       Chief Judge, United States District Court

Dated: February 9, 2017

I hereby certify that a copy of the foregoing document was served upon counsel of record on February 9, 2017, by electronic and/or ordinary mail.

       S/LaShawn R. Saulsberry
       Case Manager